IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


TYRONE D. HARRIS                                                                              PLAINTIFF

      v.                              Civil No. 6:10-cv-06091

SHERIFF LARRY SANDERS, Garland
County, Arkansas; MIKE McCORMICK,
Interim Police of Chief, Hot Springs Police
Department; PATROL OFFICER J.
WILLIAMS, Hot Springs Police Department;
NURSE M. REEVES, Garland County
Detention Center                                                                                   DEFENDANTS


## ORDER

Pending before me for decision are the following motions: (1) a motion for appointment of counsel filed by the Plaintiff (Doc. 9); (2) a motion to compel (Doc. 15) filed by Separate Defendants Sheriff Sanders and Nurse Reeves; and (3) a motion for an extension of time (Doc. 16) filed by Separate Defendants Sheriff Sanders and Nurse Reeves. The motions will be addressed in turn.

**Motion for Appointment of Counsel** (Doc. 9)

Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

In *Mallard v. United States District Court*, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915 (e) (1) provides as follows: "the court may request an attorney to represent any person unable to afford counsel." "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (citation omitted). "Once indigent *pro se* litigants meet their

burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*   The decision to appoint counsel in civil cases is committed to the discretion of the District Court. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir.1984).

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel.   *See Edgington*, 52 F.3d at 780.   "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'"   *Id.* (quoting *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)).   *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In support of his motion, Plaintiff states he has received discovery requests from the Defendants and does not know what to do with the requests.  He asks that he be appointed counsel.

A review of the file indicates Plaintiff has an understanding of the issues involved.  The documents filed by the Plaintiff have been easily understood.  Discovery requests ordinarily seek factual information about the claims asserted.  As such, the Plaintiff is the only one who can respond to the requests.

I note that Plaintiff is not incarcerated at this time and therefore has easy access to any materials he might need including legal materials.  At this stage, I find no justification for appointing Plaintiff counsel.  The motion (Doc. 9) is denied.

**Motion to Compel** (Doc. 15)

Separate Defendants Sheriff Sanders and Nurse Reeves have filed a motion to compel.

Defendants state they propounded interrogatories and requests for production of documents to the Plaintiff on May 12, 2011.  To date, Defendants state they have not received Plaintiff's responses or any communication from the Plaintiff regarding his responses.

Under the Federal Rules of Civil Procedure, Plaintiff had thirty (30) days to respond to the discovery requests.  Fed. R. Civ. P. 33(b)(3) & 34(b).  Plaintiff did not request an extension of time to respond to the discovery requests.  Plaintiff has not responded to the motion to compel.  Therefore, Plaintiff has failed to respond in the time provided by law.

Accordingly, Defendants' motion to compel (ECF No. 15) is granted.  Plaintiff is directed to provide Defendants with the required discovery responses **by 5:00 p.m. on September 30, 2011.** If Plaintiff fails to provide the discovery responses, Defendants should notify the Court by filing a motion to dismiss.

**Motion for an Extension of Time** (Doc. 16)

Separate Defendants Sheriff Sanders and Nurse Reeves request an extension of time to file their summary judgment motion.  The motion (Doc. 16) for an extension of time is granted.  Defendants are given until **October 31, 2011,** to file their summary judgment motion.

IT IS SO ORDERED this 14th day of September 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE